**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **MICHELLE L. GRAY,** )<br><br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**NATIONAL HEALTH INSURANCE** )<br>**COMPANY,** *et al.*, )<br>)<br>**Defendants.** ) | **Case No.: 1:25-cv-00008-MRB**<br><br>**Judge Michael R. Barrett** |

**DEFENDANT NATIONAL HEALTH INSURANCE COMPANY'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant National Health Insurance Company ("NHIC") submits the following Answer and Affirmative Defenses in response to the Complaint of Plaintiff Michelle L. Gray ("Plaintiff"). Any allegation in the Complaint not specifically admitted herein is denied. Plaintiff's headings are incorporated for ease of reference only and without any admission.

## JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint contains conclusions of law to which no response is required. NHIC admits, however, that this Court has subject matter jurisdiction over this matter.

## NATURE OF ACTION

2. Paragraph 2 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## THE PARTIES

3. NHIC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3 of the Complaint

1

4.      In response to the allegations contained in Paragraph 4 of the Complaint, NHIC states that it is a Texas corporation with a principal place of business in North Carolina and is authorized to do business in Ohio.

5.      In response to the allegations contained in Paragraph 5 of the complaint, Defendants states that Allstate Health Solutions is a marketing name for products underwritten by NHIC. Allstate Health Solutions is, therefore, not a legal entity and should be dismissed.  To the extent inconsistent with the foregoing, Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.      NHIC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6 of the Complaint.

7.      NHIC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7 of the Complaint.

8.      NHIC admits that it issues health insurance policies, but denies the remaining allegations in Paragraph 8 of the Complaint.

9.      Admitted.  Defendants reiterate that Allstate Health Solutions is a marketing name for products underwritten by NHIC and is therefore not a legal entity and should be dismissed from this action.

10.     In response to the allegations contained in Paragraph 10 of the Complaint, Defendants state that Meritain Health serves as the medical claims administrator for NHIC.  The remaining allegations contained in Paragraph 10 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, denied.

11.     NHIC lacks sufficient information to admit or deny the allegations contained in Paragraph 11 of the Complaint.

12. In response to the allegations contained in Paragraph 12 of the Complaint, NHIC states that Meritain Health serves as the medical claims administrator for NHIC. NHIC denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint contains conclusions of law to which no response is required. NHIC admits, however, that venue is proper in this Court.

## STATEMENT OF FACTS

14. NHIC admits that Dilton Pinnock ("Pinnock") is an insurance agent. NHIC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the Complaint.

15. NHIC denies the allegations contained in Paragraph 15 as worded, but admit that Pinnock was an agent for the sale of health insurance policies from NHIC.

16. NHIC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 of the Complaint.

17. NHIC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of the Complaint.

18. NHIC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 of the Complaint.

19. NHIC admits that Plaintiff signed the health insurance application form. NHIC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 19 of the Complaint.

20. NHIC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 20 of the Complaint.

21. NHIC admits that Plaintiff was enrolled with a health insurance policy, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, denied.

23. In response to the allegations contained in Paragraph 23 of the complaint, NHIC admits that Plaintiff and NHIC entered into a contract for short term medical coverage and that the terms and conditions contained in that contract speak for themselves. Except as expressly admitted herein, NHIC denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. In response to the allegations contained in Paragraph 24 of the complaint, NHIC admits that Plaintiff and NHIC entered into a contract for short term medical coverage and that the terms and conditions contained in that contract speak for themselves. Except as expressly admitted herein, NHIC denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. NHIC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 of the Complaint.

26. NHIC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 of the Complaint.

27. NHIC lacks sufficient information to admit or deny the allegations contained in Paragraph 27 of the Complaint.

28. NHIC admits that a letter was sent dated June 18, 2024, to Plaintiff which speak for itself.

29. NHIC admits that Plaintiff submitted an appeal in August 2024 in response to the allegations contained in Paragraph 29 of the Complaint.

30.     NHIC admits that the appeal was denied as reflected in correspondence sent to the Plaintiff in response to the allegations contained in Paragraph 30 of the Complaint.

31.     NHIC denies the allegations contained in Paragraph 31 of the Complaint.

32.     In response to the allegations contained in Paragraph 32 of the Complaint, NHIC admits that Plaintiff and NHIC entered into a contract for short term medical coverage and that the terms and conditions contained in that contract speak for themselves. Except as expressly admitted herein, NHIC denies all remaining allegations contained in Paragraph 32 of the Complaint.

33.     In response to the allegations contained in Paragraph 33 of the complaint, NHIC admits that Plaintiff and NHIC entered into a contract for short term medical coverage and that the terms and conditions contained in that contract speak for themselves. Except as expressly admitted herein, NHIC denies all remaining allegations contained in Paragraph 33 of the Complaint.

34.     NHIC denies the allegations contained in Paragraph 34 of the Complaint.

35.     In response to the allegations contained in Paragraph 35 of the complaint, NHIC admits that Plaintiff and NHIC entered into a contract for short term medical coverage and that the terms and conditions contained in that contract speak for themselves. Except as expressly admitted herein, NHIC denies all remaining allegations contained in Paragraph 35 of the Complaint.

36.     NHIC denies the allegations contained in Paragraph 36 of the Complaint.

37.     In response to the allegations contained in Paragraph 37 of the Complaint, NHIC states that the policy was rescinded, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 37 of the Complaint.

38.     NHIC admits that certain premiums were refunded, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 38 of the Complaint.

39.     NHIC denies the allegations contained in Paragraph 39 of the Complaint.

40.     NHIC denies the allegations contained in Paragraph 40 of the Complaint.

41.     NHIC denies the allegations contained in Paragraph 41 of the Complaint.

In response to the paragraph beginning "WHEREFORE," NHIC denies that Plaintiff is entitled to any damages or relief whatsoever against it, including without limitation, actual damages, punitive damages, costs and reimbursements of this action, prejudgment and post judgment interest, and any other damages or relief, in law or at equity, whatsoever against it.

To the extent that any allegations contained in the Complaint have not been expressly admitted or denied, they are hereby denied.

### AFFIRMATIVE DEFENSES

NHIC, by and through counsel, asserts the following affirmative defenses:

1.     NHIC affirmatively asserts that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.     NHIC affirmatively asserts that Plaintiff's Complaint is barred in whole or in part by the doctrine of waiver and release.

3.     NHIC affirmatively asserts that Plaintiff signed the enrollment form and was bound by all terms, conditions, and limitations therein.

4.     NHIC affirmatively asserts that it is not liable for the damages alleged by Plaintiff due to Plaintiff's fraud in the inducement of the Policy Certificate.

5.     NHIC affirmatively asserts that it is not liable for the damages alleged by Plaintiff due to Plaintiff's misrepresentations.

6.     NHIC affirmatively asserts that it is not liable for the damages alleged by Plaintiff because the Policy Certificate giving rise to Plaintiff's alleged damages was validly rescinded.

7.	NHIC affirmatively asserts that it is not liable for the damages alleged by Plaintiff because of Plaintiff's pre-existing conditions which, by the terms of the Policy Certificate, bar payment under the Policy Certificate.

8.	NHIC affirmatively asserts that Plaintiff's Complaint is barred in whole or in part by the doctrine of laches.

9.	NHIC affirmatively asserts that Plaintiff's Complaint is barred by the failure to satisfy conditions precedent or to exhaust administrative remedies.

10.	NHIC affirmatively asserts that Plaintiff's Complaint may be barred by the applicable statute of limitations or contractual limitations of action.

11.	NHIC affirmatively asserts that Plaintiff's Complaint may be barred by the failure to mitigate damages.

12.	NHIC affirmatively asserts that Plaintiff's alleged damages, if any, were caused by third parties or Plaintiff's own negligence or failure to act.

13.	NHIC affirmatively asserts that it has not had the opportunity to fully investigate Plaintiff's allegations or engage in discovery and, therefore, reserves the right to amend its Answer or include in any Pretrial Order additional affirmative defenses that may arise during further investigation and discovery.

Respectfully submitted this 14th Day of March, 2025.

*/s/Keith S. Anderson*_____
Keith S. Anderson (Ohio Bar No. 0078537)
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue N.
Birmingham, AL 35203
Phone: (205) 521-8000
kanderson@bradley.com
*Counsel for Defendant National Health Insurance Company*

7

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was electronically filed with the Court via the Court's CM/ECF filing system on this 14th day of March, 2025, that will provide service upon the following via electronic mail:

Alissa J. Sammarco
ajs@SammarcoLegal.com
*Counsel for Plaintiff*

Casey J. McElfresh
cmcelfresh@hahnlaw.com
*Counsel for Defendants AETNA Inc. and Meritain Health, Inc.*

   */s/ Keith S. Anderson*
Keith S. Anderson (Ohio Bar No. 0078537)
BRADLEY ARANT BOULT CUMMINGS LLP

8