UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| MICHELLE L. GRAY, | ) | CASE NO.  1:25-cv-00008 |
| | ) | |
| Plaintiff, | ) | JUDGE MICHAEL R. BARRETT |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT MERITAIN HEALTH,** |
| NATIONAL HEALTH INSURANCE | ) | **INC.'S ANSWER TO COMPLAINT** |
| COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Meritain Health, Inc. ("Meritain") answers the Complaint as follows:

## Jurisdiction and Venue

1. Meritain states that paragraph 1 of the Complaint contains conclusions of law to which no response is required. To the extent a response is deemed necessary, Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 1 of the Complaint and therefore, denies the same.

## Nature of Action

2. Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 2 of the Complaint and therefore, denies the same.

## The Parties

3. Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 3 of the Complaint and therefore, denies the same.

4. Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 4 of the Complaint and

18505019.1

therefore, denies the same.

5. Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 5 of the Complaint and therefore, denies the same.

6. In response to paragraph 6 of the Complaint, Meritain admits that it is incorporated under the laws of the State of New York and that its principal place of business is in the State of New York. Further answering, Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in paragraph 6 of the Complaint and therefore, denies the same.

7. In response to paragraph 7 of the Complaint, Meritain admits that Defendant Aetna Inc. ("Aetna") is incorporated under the laws of the State of Pennsylvania and that its principal place of business is in the State of Connecticut. Further answering, Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in paragraph 7 of the Complaint and therefore, denies the same.

8. Meritain denies the allegations contained in paragraph 8 of the Complaint.

9. Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 9 of the Complaint and therefore, denies the same.

10. In response to paragraph 10 of the Complaint, Meritain states that paragraph 10 contains conclusions of law to which no response is required. Further answering, Meritain expressly denies that Plaintiff is a third-party beneficiary of the contract between Defendant National Health Insurance Company and Meritain. Further answering, Meritain admits that Defendant National Health Insurance Company has a contract with Meritain to serve as a third-

party administrator of claims, refers to that contract for its terms, and denies all allegations in the Complaint that are inconsistent with that contract's terms. Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in paragraph 10 of the Complaint and therefore, denies the same

11. Meritain denies the allegations contained in paragraph 11 of the Complaint as stated. Further answering, Meritain states that (i) it is a wholly owned subsidiary of Prodigy Health Group, Inc.; (ii) Prodigy Health Group, Inc. is a wholly owned subsidiary of Aetna Health Holdings, LLC; and (iii) Aetna Health Holdings, LLC is a wholly owned subsidiary of Aetna.

12. Meritain denies the allegations contained in paragraph 12 of the Complaint as it relates to Meritain and Aetna. Further answering, Meritain admits that Defendant National Health Insurance Company has a contract with Meritain to serve as a third-party administrator of claims, refers to that contract for its terms, and denies all allegations in the Complaint that are inconsistent with that contract's terms. Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in paragraph 12 of the Complaint and therefore, denies the same.

13. Meritain states that paragraph 13 of the Complaint contains conclusions of law to which no response is required. To the extent a response is deemed necessary, Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 13 of the Complaint and therefore, denies the same.

<u>**STATEMENT OF FACTS**</u>

14. Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 14 of the Complaint and therefore, denies the same.

3

18505019.1

15. Meritain denies the allegations contained in paragraph 15 of the Complaint as to Aetna and Meritain.  Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in paragraph 15 of the Complaint and therefore, denies the same.

16. Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 16 of the Complaint and therefore, denies the same.

17. In response to paragraph 17 of the Complaint, Meritain denies that there was an "application for enrollment into the policy issued by" Meritain or Aetna, because Meritain and Aetna do not issue insurance policies, insure or underwrite insurance policies, or otherwise determine coverage under any insurance policies. Further answering, Meritain is without information or knowledge sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in paragraph 17 of the Complaint and therefore, denies the same.

18. Meritain denies the allegations contained in paragraph 18 of the Complaint to the extent directed at Meritain or Aetna. Further answering, Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in paragraph 18 of the Complaint and therefore, denies the same.

19. Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 19 of the Complaint and therefore, denies the same.

20. Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 20 of the Complaint and therefore, denies the same.

18505019.1

21.     Meritain denies the allegations contained in paragraph 21 of the Complaint, to the extent that it alleges that the Agents are agents of Meritain or Aetna, or otherwise had authority to act on behalf of them either expressly or impliedly. Further answering, Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in paragraph 21 of the Complaint and therefore, denies the same.

22.     Paragraph 22 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Meritain denies the allegations contained in paragraph 22 of the Complaint as to Meritain and Aetna. Further answering, Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in paragraph 22 of the Complaint and therefore, denies the same.

23.     Meritain denies the allegations contained in paragraph 23 of the Complaint to the extent directed at Meritain or Aetna and to the extent that "Defendant National Health Insurance Company" is defined by Plaintiff to include Meritain or Aetna because no contract exists between Meritain and Aetna. Further answering, Meritain is without information or knowledge sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in paragraph 23 of the Complaint and therefore, denies the same.

24.     Meritain denies the allegations contained in paragraph 24 of the Complaint to the extent that "Defendant National Health Insurance Company" is defined by Plaintiff to include Meritain or Aetna as neither Meritain nor Aetna is a party to any contract with Plaintiff, including the purported contract attached as Exhibit 1 to the Complaint. Further answering, Meritain admits that a document entitled "Short Term Medical Certificate" is attached as Exhibit 1 to the Complaint, Meritain refers to Exhibit 1 for its terms, and Meritain denies all allegations inconsistent with its terms. Further answering, Meritain admits that the Plaintiff was enrolled in a

18505019.1

health insurance plan ("Plan") underwritten and insured by Defendant National Health Insurance Company ("NHIC") and that such coverage was later rescinded by NHIC.  Further answering, Meritain is without information or knowledge sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in paragraph 24 of the Complaint and therefore, denies the same.

25.     Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 25 of the Complaint and therefore, denies the same.

26.     Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 26 of the Complaint and therefore, denies the same.

27.     Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 27 of the Complaint and therefore, denies the same.

28.     Meritain denies the allegations contained in paragraph 28 of the Complaint directed at Meritain and Aetna, because neither Meritain nor Aetna are parties to the insurance policy, are not insurers, do not determine coverage, and do not insure and/or underwrite the Plan. Further answering, Meritain admits that NHIC and/or Allstate Health Solutions rescinded coverage under the Plan, for the reasons set forth in their letters. Meritain refers to the foregoing letters for their terms and denies all allegations inconsistent with those terms. Further answering, Meritain is without information or knowledge sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in paragraph 28 of the Complaint and therefore, denies the same.

29.     Meritain states that it is without information or knowledge sufficient to form a

18505019.1

belief as to the truth or the falsity of the allegations contained in paragraph 29 of the Complaint and therefore, denies the same.

30.     Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 30 of the Complaint and therefore, denies the same.

31.     Meritain denies the allegations contained in paragraph 31 of the Complaint.

32.     In response to paragraph 32, Meritain refers to the Plan for its terms, and denies all allegations inconsistent with the terms of the Plan.  Further answering, Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in paragraph 32 of the Complaint and therefore, denies the same.

33.     In response to paragraph 33, Meritain refers to the Plan for its terms, and denies all allegations inconsistent with the terms of the Plan. Further answering, Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in paragraph 33 of the Complaint and therefore, denies the same.

34.     Meritain denies the allegations contained in paragraph 34 of the Complaint.

35.     In response to paragraph 35, Meritain refers to the Plan for its terms, and denies all allegations inconsistent with the terms of the Plan.  Further answering, Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in paragraph 35 of the Complaint and therefore, denies the same.

36.     Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 36 of the Complaint and therefore, denies the same.

37.     Meritain states that it is without information or knowledge sufficient to form a

7

belief as to the truth or the falsity of the allegations contained in paragraph 37 of the Complaint and therefore, denies the same.

38.     Meritain denies the allegations contained in paragraph 38 of the Complaint directed at Meritain and Aetna. Meritain states that it is without information or knowledge sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in paragraph 38 of the Complaint and therefore, denies the same.

39.     Meritain denies the allegations contained in paragraph 39 of the Complaint.

40.     Meritain denies the allegations contained in paragraph 40 of the Complaint.

41.     Meritain denies the allegations contained in paragraph 41 of the Complaint.

42.     Meritain denies allegations of the Complaint not specifically admitted herein.

### AFFIRMATIVE DEFENSES

For its defenses to the Complaint, Meritain states the following defenses. Where the substantive law so provides, Meritain does not assume the burden of proof on any of the following defenses:

1.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.     On information and belief, Plaintiff's Complaint is barred by the insured's failure to exhaust administrative and/or contractual remedies.

3.     Upon information and belief, the insured was not qualified for benefits under the applicable health insurance plan.

4.     Plaintiff's claim as to Meritain is barred for a lack of standing.

5.     Plaintiff's claim as to Meritain is barred because there is no contract between Plaintiff and Meritain.

6.     Plaintiff's Complaint is barred or may be barred by the doctrine of waiver.

7.     Plaintiff's Complaint is barred or may be barred by the doctrine of laches.

8

8.     Plaintiff's Complaint is barred or may be barred by the doctrine of estoppel.

9.     Plaintiff's Complaint is barred because Meritain's actions were neither arbitrary nor capricious.

10.    Plaintiff's Complaint is or may be barred by the statute of limitations and/or contractual limitations on the time for challenging determinations of benefits.

11.    Plaintiff's Complaint is barred because Plaintiff has failed to mitigate its damages.

12.    Plaintiff's Complaint is barred, in whole or in part, because the alleged services, her alleged damages and/or her claims do not fall within the coverage under the applicable health insurance plan.

13.    Plaintiff's Complaint is barred because Meritain was not the proximate cause of injuries or losses, if any, suffered by Plaintiff and/or the insured.

14.    Plaintiff's Complaint is barred because its alleged injuries and harms were caused, in whole or in part, by Plaintiff's own negligence or the acts of third parties.

15.    Plaintiff's Complaint is barred as to Meritain because Meritain met all applicable legal duties to the extent it had any.

16.    Plaintiff's Complaint is barred as to Meritain to the extent that the insured has insurance coverage through another plan or insurance policy that is primarily or otherwise responsible for the benefits Plaintiff seeks.

17.    Plaintiff's Complaint is barred by any applicable set-offs.

18.    Plaintiff's Complaint is barred as to Meritain by any other matter constituting an avoidance or affirmative defense and Meritain reserves the right to assert the same.

9

18505019.1

WHEREFORE, having fully answered the Complaint, Aetna respectfully requests that the Court dismisses the Complaint and enter judgment for Aetna thereon, and award Aetna such other relief as this Court deems just and proper.

Respectfully submitted,

*/s/  Casey J McElfresh*

Casey J. McElfresh (0088083)
cmcelfresh@hahnlaw.com
Alexa R. Civittolo (0103370)
acivittolo@hahnlaw.com
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800
Cleveland, Ohio  44114
Phone: (216) 621-0150
Fax: (216) 241-2824

*Attorneys for Defendant*
*Meritain Health, Inc.*

18505019.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing *Answer* was served via the

Court's electronic filing system this 14th day of March, 2025.

/s/  *Casey J. McElfresh*

Casey J. McElfresh
*One of Attorneys for Defendant*
*Meritain Health, Inc.*

11

18505019.1